******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

APPENDIX

GREGG FISK *v.* BL COMPANIES, INC., ET AL.*

Superior Court, Judicial District of Fairfield
File No. CV-16-6055533

Memorandum filed April 3, 2017

*Proceedings*

Memorandum of decision on defendants' motion for summary judgment. *Motion granted.*

*A. Reynolds Gordon* and *Frank A. DeNicola, Jr.*, for the plaintiff.

*Jared Cohane* and *Luke R. Conrad*, for the defendants.

*Opinion*

KAMP, J. The issue before the court is the defendants' motion for summary judgment on the ground that the plaintiff's claims are barred by res judicata. For the reasons set forth below, the motion is granted.

FACTS

The plaintiff, Gregg Fisk, filed the two count second amended complaint on June 13, 2016. The plaintiff asserts one claim of professional negligence against each defendant; count one is against BL Companies, Inc. (BL Co.), and count two is against James Fielding.[1]

The plaintiff alleges the following facts. On August 27, 2011, the plaintiff fell off a retaining wall and sustained injuries. The drop from the retaining wall was between five and six feet, and there was no protective fence in place. BL Co., a firm of design engineers, negligently surveyed the area around the retaining wall. Furthermore, the landscape architect and project manager for this retaining wall, Fielding, submitted an unsafe design that was not in accordance with requirements established by the Department of Transportation and the town of Redding Zoning Regulation. The construction and design of the retaining wall was unsafe and constituted a fall hazard.

On October 17, 2016, the defendants filed a motion for summary judgment on the ground that due to a judgment on the merits rendered in a prior action, *Fisk* v. *Redding*, Superior Court, judicial district of Fairfield, Docket No. 12-6027299-S (December 5, 2014) (*Radcliffe, J.*) (*Fisk I*), the plaintiff's claims are barred by res judicata. The motion is accompanied by a memorandum of law and several exhibits: the trial court's decision from *Fisk I*, granting BL Co.'s motion for summary judgment; the affidavit of Derek A. Kohl, principal with BL Co.; a copy of the judgment file from *Fisk I*; the plaintiff's motion for leave to amend his complaint and the amended complaint filed in *Fisk I*, dated July 24, 2014; *Fisk* v. *Redding*, 164 Conn. App. 647, 138 A.3d 410 (2016) (affirming *Fisk I*); the verdict form from *Fisk I*, finding in favor of the town of Redding; and the plaintiff's motion for leave to amend his complaint, filed on June 13, 2016, as well as the complaint filed in the present action. The plaintiff filed a memorandum of law in opposition on November 15, 2016. The defendants responded with a memorandum of law on November 23, 2016. The plaintiff then filed a rebuttal on December 1, 2016, which is accompanied by the transcript from the oral argument before the Appellate Court in *Fisk I*. The parties were heard at short calendar on December 5, 2016.

DISCUSSION

"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof

submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried. . . . However, since litigants ordinarily have a constitutional right to have issues of fact decided by a jury . . . the moving party for summary judgment is held to a strict standard . . . of demonstrating his entitlement to summary judgment." (Citation omitted; internal quotation marks omitted.) *Grenier* v. *Commissioner of Transportation*, 306 Conn. 523, 534–35, 51 A.3d 367 (2012). "Moreover, summary judgment is an appropriate vehicle for raising a claim of res judicata . . . ." (Citations omitted.) *Joe's Pizza, Inc.* v. *Aetna Life & Casualty Co.*, 236 Conn. 863, 867 n.8, 675 A.2d 441 (1996).

The defendants argue that the plaintiff's claims are barred by res judicata because there was a judgment on the merits in *Fisk I*, and the operative facts of *Fisk I* and the present action are virtually identical. The defendants assert in their memoranda and through the exhibits provided that in *Fisk I*, the plaintiff sued BL Co. on a theory of public nuisance for injuries arising from his fall from the retaining wall on August 27, 2011. The trial court, *Radcliffe, J.*, granted summary judgment to BL Co. in *Fisk I*, which the Appellate Court affirmed. The defendants argue that the plaintiff's claims for professional negligence in the present case are barred, notwithstanding the plaintiff's new legal theory, as the finality of the judgment rendered in *Fisk I* applies to any other admissible matter that might have been raised, and the plaintiff had the opportunity to raise a professional negligence claim in the prior action. Finally, the defendants contend that the preclusive effect of *Fisk I* applies to not only BL Co., a named defendant in *Fisk I*, but also to Fielding, who the defendants argue is in privity with BL Co.

The plaintiff argues that the application of res judicata would push the doctrine beyond its intended purposes and, furthermore, that preclusion would unfairly prejudice him. First, the plaintiff argues that the question of wrongdoing was not determined in *Fisk I*. The plaintiff also argues that the claim of professional negligence in the present case is a separate and distinct claim from the public nuisance claim in *Fisk I*, and that the two do not form a convenient trial unit. Specifically, the plaintiff contends that the two claims require different liability experts and that, if presented together, the claims would confuse a jury. The plaintiff also argues that the policies and underlying purposes of res judicata counsel against barring the plaintiff's unlitigated claims because the present action is not duplicative and inconsistent judgments are impossible. Furthermore, the plaintiff asserts that the defendants are not harassed by the present action because it is brought pursuant to

the trial court's reservation and the defendants' invitation. To support this argument, the plaintiff looks to the trial court's summary judgment decision in *Fisk I*,[2] as well as statements made by the defendants' counsel at oral argument before the Appellate Court.[3]

"The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . Claim preclusion (res judicata) and issue preclusion (collateral estoppel) have been described as related ideas on a continuum. . . . [C]ollateral estoppel, or issue preclusion . . . prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties or those in privity with them upon a different claim." (Citations omitted; internal quotation marks omitted.) *Powell* v. *Infinity Ins. Co.*, 282 Conn. 594, 600, 922 A.2d 1073 (2007).

"Unlike collateral estoppel, under which preclusion occurs only if a claim actually has been litigated, [u]nder the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim . . . [or any claim based on the same operative facts that] *might have been made. . . .* [T]he appropriate inquiry with respect to [claim] preclusion is whether the party had an *adequate opportunity to litigate the matter in the earlier proceeding . . . .*" (Emphasis in original; internal quotation marks omitted.) *Connecticut National Bank* v. *Rytman*, 241 Conn. 24, 43–44, 694 A.2d 1246 (1997). "[R]es judicata prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Internal quotation marks omitted.) *Wheeler* v. *Beachcroft, LLC*, 320 Conn. 146, 157–58, 129 A.3d 677 (2016).

In the present case, the plaintiff's argument that the issue of wrongdoing was not determined in *Fisk I*—and, indeed, that the issue was not before the court in *Fisk I*—does not impact the applicability of res judicata. Whether the issue was actually litigated is a relevant inquiry for the application of collateral estoppel, but not res judicata. Accordingly, in determining whether the present action is barred, the court must look to whether the plaintiff had the opportunity to raise a claim for professional negligence in the prior action; that the present action presents a new legal theory—and consequently, new issues to be considered—is not determinative.

"Generally, for res judicata to apply, four elements must be met: (1) the judgment must have been rendered on the merits by a court of competent jurisdiction; (2)

the parties to the prior and subsequent actions must be the same or in privity; (3) there must have been an adequate opportunity to litigate the matter fully; and (4) the same underlying claim must be at issue." Id., 156–57.

In the present case, the first two elements do not appear to be in dispute. First, summary judgment is a final judgment on the merits; because the Appellate Court affirmed that BL Co. was entitled to judgment as a matter of law in *Fisk I*, the first element is met. Second, both the plaintiff and BL Co. were parties to *Fisk I*. As the plaintiff alleges that Fielding was at all times acting as the agent, servant and employee of BL Co., and within the scope of his duties, Fielding is in privity with BL Co. See *Summitwood Development, LLC* v. *Roberts*, 130 Conn. App. 792, 802–803, 25 A.3d 721 (defendant-agents in privity with employer named in prior suit), cert. denied, 302 Conn. 942, 29 A.3d 467 (2011), cert. denied, 565 U.S. 1260, 132 S. Ct. 1745, 182 L. Ed. 2d 530 (2012). Accordingly, the second element is also met.

With regard to the third element, adequate opportunity, "[r]es judicata bars the relitigation of claims actually made in the prior action as well as any claims that might have been made there. . . . Public policy supports the principle that a party should not be allowed to relitigate a matter which it already has had an opportunity to litigate." (Citation omitted; internal quotation marks omitted.) *Wheeler* v. *Beachcroft, LLC*, supra, 320 Conn. 157. "[A]lthough parties are not *required* to resolve all disputes during a . . . proceeding, when a party had the opportunity to raise the claim and the . . . proceeding provided the proper forum for the resolution of that claim, res judicata may bar litigation of a subsequent action." (Emphasis in original.) *Weiss* v. *Weiss*, 297 Conn. 446, 464, 998 A.2d 766 (2010); cf. *In re Probate Appeal of Cadle Co.*, 152 Conn. App. 427, 100 A.3d 30 (2014) (where Superior Court lacked jurisdiction over claim not raised in Probate Court, plaintiff had no opportunity to raise claim).

Bifurcation and amendment afford a plaintiff the opportunity to avoid piecemeal litigation. "[A]ny potential prejudice resulting from facts that are not related could be resolved by bifurcating the trial. With bifurcation, the evidence common to both claims, which was considerable, could have been presented at once and not in separate lawsuits commenced at a distance of months or years." (Internal quotation marks omitted.) *Powell* v. *Infinity Ins. Co.*, supra, 282 Conn. 610 n.5. The court in *Powell* also noted that the trial court, in applying res judicata, correctly considered that the plaintiffs failed to amend their complaint to incorporate the allegations that were eventually raised in the second action. Id., 608.

The third element is met in the present case. As an initial matter, the Superior Court could have exercised

jurisdiction over the professional negligence claim, had the plaintiff raised it. To the extent that the plaintiff argues that the differences between public nuisance and professional negligence deprived him of the opportunity to bring both—because to do so would be impossible—the plaintiff fails to consider the possibility of bifurcation. Moreover, the plaintiff not only had the opportunity to bring a claim for professional negligence at the commencement of the prior action, but he also had the opportunity to amend the pleadings in *Fisk I* to add such a claim. When granting the motion for summary judgment in *Fisk I*, the trial court, *Radcliffe, J.*, expressly noted that although the plaintiff had not pleaded professional negligence, the time to do so had not yet expired; even though the plaintiff amended his complaint in *Fisk I* in July, 2014, he did not assert a claim for professional negligence. Therefore, the plaintiff had the opportunity to litigate the matter fully in the prior action.

The fourth element for res judicata is that "the same underlying claim must be at issue." *Wheeler* v. *Beachcroft, LLC*, supra, 320 Conn. 157. "Although res judicata bars claims that were not actually litigated in a prior action, the previous and subsequent claims must be considered the same for res judicata to apply." Id., 159. "To determine whether claims are the same for res judicata purposes, this court has adopted the transactional test. . . . Under the transactional test, res judicata extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. . . . What factual grouping constitutes a transaction, and what groupings constitute a series, are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, *whether they form a convenient trial unit*, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. . . . [E]ven though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action." (Citations omitted; emphasis added; internal quotation marks omitted.) Id., 159–60.

In *Wheeler*, the court declined to apply res judicata. This determination rested, in part, on the fact that the plaintiffs were not a party to the earlier action; id., 163–64; but also because the court in *Wheeler* determined that there was not a significant overlap in the evidence required for each cause of action. Id. The court noted that the differences "render the claims factually and legally dissimilar enough to preclude their presentation to a jury in a logically succinct way." Id., 163 n.18. Although the court in *Wheeler* considered the degree of overlap between the distinct causes of action when deciding not to apply res judicata, whether claims form a convenient trial unit is just one factor to be weighed.

"Among the factors relevant to a determination whether the facts are so woven together as to constitute a single claim are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes. Though no single factor is determinative, the relevance of trial convenience makes it appropriate to ask how far the witnesses or proofs in the second action would tend to overlap the witnesses or proofs relevant to the first. If there is a substantial overlap, the second action should ordinarily be held precluded. But the opposite does not hold true; even when there is not a substantial overlap, the second action may be precluded if it stems from the same transaction or series." 1 Restatement (Second), Judgments § 24, comment (b), p. 199 (1982); see also *Savvidis* v. *Norwalk*, 129 Conn. App. 406, 411–12, 21 A.3d 842, cert. denied, 302 Conn. 913, 27 A.3d 372 (2011).

Thus, when the facts underlying the claims are the same, res judicata may apply. See *Powell* v. *Infinity Ins. Co.*, supra, 282 Conn. 609 ("because the factual underpinnings of the claims asserted in action II and those actually litigated in action I are the same, they formed a convenient trial unit that would have favored consolidation" [internal quotation marks omitted]); *Buck* v. *Berlin*, 163 Conn. App. 282, 293, 135 A.3d 1237 (applying res judicata where "virtually indistinguishable" factual circumstances gave rise to distinct legal theories), cert. denied, 321 Conn. 922, 138 A.3d 283 (2016); *Summitwood Development, LLC* v. *Roberts*, supra, 130 Conn. App. 804–805 (applying res judicata where claims arose from same facts and sought redress for the same injury).

In the present case, the fourth and final element is met because under the transaction test, the same underlying claim is at issue. The factual allegations giving rise to *Fisk I* and the present action are nearly identical. In both instances, the plaintiff seeks redress from injuries sustained after falling off a retaining wall on August 27, 2011. The complaint in the present action does not allege that the defendants engaged in any relevant conduct after the commencement of *Fisk I*. Moreover, the present action is distinguishable from *Wheeler*, as in that instance the plaintiffs facing preclusion had not been a party to the prior action, which was an important factor that the court weighed alongside the determinations concerning the claims' dissimilarities. As *Fisk I* and the present case arise from a common set of facts and merely offer different legal theories, the same underlying claim is at issue.

Having determined that res judicata may bar the plaintiff's claims, the court will consider whether the policies underlying res judicata favor preclusion. "[A]pplication of the doctrine can yield harsh results, especially in the context of claims that were not actually litigated . . . . The decision of whether res judicata

should bar such claims should be based upon a consideration of the doctrine's underlying policies, namely, the interests of the defendant and of the courts in bringing litigation to a close . . . and the competing interest of the plaintiff in the vindication of a just claim." (Citation omitted; internal quotation marks omitted.) *Wheeler* v. *Beachcroft, LLC*, supra, 320 Conn. 158. The purposes of res judicata are "promoting judicial economy, minimizing repetitive litigation, preventing inconsistent judgments and providing repose to parties." *Weiss* v. *Weiss*, supra, 297 Conn. 465.

Related to repose, there are certain exceptions to the general rule concerning claim-splitting, such as when the court has reserved a plaintiff's right to bring a second action or when the defendant acquiesces to claim-splitting. See 1 Restatement (Second), supra, § 26. "A determination by the court that its judgment is 'without prejudice' (or words to that effect) to a second action on the omitted part of the claim, expressed in the judgment itself, or in the findings of fact, conclusions of law, opinion, or similar record, unless reversed or set aside, should ordinarily be given effect in the second action." Id., comment (b), p. 236; see *A.J. Masi Electric Co.* v. *Marron & Sipe Building & Contracting Corp.*, 21 Conn. App. 565, 574 A.2d 1323 (1990) (res judicata not applied where trial court in original case, with the consent of the parties, ordered claims to be severed and tried separately). In terms of acquiescence, although it appears that a defendant can consent to a second action implicitly, this determination requires a fact specific approach. See *Connecticut National Bank* v. *Rytman*, supra, 241 Conn. 43 n.23 (affirming trial court's fact specific determination that failing to object immediately was not acquiescence to claim-splitting); *Orselet* v. *DeMatteo*, 206 Conn. 542, 548–49, 539 A.2d 95 (1988) (no implicit consent because "there is no evidence to indicate that the defendants' conduct contributed to the filing of two separate lawsuits based on a single cause of action").

In the present case, the policies underlying res judicata favor preclusion. Litigation between the plaintiff and BL Co. commenced in May of 2012, with decisions issuing from both the Superior and Appellate Courts. With due respect to the plaintiff's alleged injuries, the countervailing interest in bringing litigation to a close is strong. The promotion of judicial economy weighs in favor of the defendants because the professional negligence claim could have been adjudicated at the same time as the public nuisance claim.

Furthermore, the plaintiff's argument that the present case is not repetitive ignores the numerous, fundamental similarities between *Fisk I* and the present case in favor of emphasizing the minor differences. Both actions allege a common set of facts, both allege claims sounding in tort, and both seek redress of the same

injury. That professional negligence is a different legal theory than public nuisance does not sufficiently distinguish the two actions. Accordingly, the goal of minimizing repetitive litigation also favors the defendants.

Although the plaintiff may be correct that the present case does not implicate the policy concerning inconsistent judgments, the plaintiff's arguments concerning reservation and invitation are not persuasive. In *Fisk I*, the trial court, *Radcliffe, J.*, merely noted that the plaintiff had the opportunity to assert a claim for professional negligence; there is no express language indicating that the court intended to reserve the plaintiff's right to bring a second action following a final judgment on the merits. Nor can the statements made by the defendants' counsel before the Appellate Court be construed as an invitation. The focus of counsel's argument concerns the appropriate cause of action to be brought based upon the factual circumstances underlying the plaintiff's injuries. In context, the statements indicate that the defendants' counsel acknowledged that the statute of limitations had not run for a claim of professional negligence in order to highlight that the plaintiff ought to have—and had the opportunity to—bring such a claim, rather than "stretching absolute nuisance to the nth degree . . . ." Read together, the trial court's decision and the defendants' counsel's statements merely indicate that the plaintiff had the opportunity to assert a claim for professional negligence, but failed to do so, even though such a claim was not yet barred. Neither the trial court nor the defendants' counsel invited the present action.

## CONCLUSION

For the foregoing reasons the defendants' motion for summary judgment is granted.

* Affirmed. *Fisk* v. *BL Cos.*, 185 Conn. App.      ,      A.3d      (2018).

[1] Hereafter, BL Co. and Fielding will be referred to collectively as the defendants, and individually by name, where appropriate.

[2] For his reservation argument, the plaintiff relies on the following language: "Although free to assert claims of professional negligence against the architect, the plaintiffs have failed to do so. No claim of professional negligence is [pleaded] in this case, although the time within which any such claim may be asserted, has not expired." *Fisk* v. *Redding*, supra, Superior Court, Docket No. 12-6027299-S.

[3] At oral argument, the defendants' counsel argued: "[T]he cause of action against those professionals is professional negligence, not absolute nuisance. It's a very different thing; it's a very important distinction to understand here. And the trial court pointed it out in its decision. They still, if they want to allege a professional negligence claim against BL Companies, I believe it's still within [the] statute of limitations to do so. That's their avenue for recourse here. Not stretching absolute nuisance to the nth degree . . . ." The defendants' counsel later indicated that professional negligence would have been "the appropriate cause of action" and noted that the seven year statute of limitations had not yet run. In closing, counsel said: "[W]e ask that you not expand absolute nuisance to encapsulate work of design professionals. In this case, [it] was clearly undisputed that BL Companies has no control, was not a user of the property. We controlled our design. But there's a cause of action, and there's a right of action for [the plaintiff] if they can prove that we deviated from the standard of care in—in that design."