******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

APPENDIX
ZAIDA MELENDEZ *v.* SPIN CYCLE
LAUNDROMAT, LLC*

Superior Court, Judicial District of New Britain
File No. CV-15-6031260-S

Memorandum filed February 26, 2018

*Proceedings*

Memorandum of decision on motion to set aside verdict and for new trial. *Motion denied.*

*Kevin C. Ferry* and *Monique S. Foley,* for the plaintiff.

*Andrew B. Ranks,* for the defendant.

*Opinion*

WIESE, J.

## I

## PROCEDURAL HISTORY

This matter arises out of a premises liability-negligence case brought by the plaintiff, Zaida Melendez, against the defendant, Spin Cycle Laundromat, LLC. The case was tried to a jury. On November 30, 2017, the jury returned a verdict in favor of the defendant.

In a motion dated December 8, 2017, the plaintiff moved to set aside the verdict and order a new trial pursuant to Practice Book § 16-35. In a memorandum of law dated December 27, 2017, the defendant set forth its objection to the plaintiff's motion. The plaintiff filed a reply memorandum of law dated January 16, 2018. On February 23, 2018, the attorneys appeared in court and requested that the matter be taken on the papers.

## II

## DISCUSSION

## A

### Standard of Review

"Litigants . . . have a constitutional right to have issues of fact determined by a jury." (Internal quotation marks omitted.) *Rejouis* v. *Greenwich Taxi, Inc.*, 57 Conn. App. 778, 783, 750 A.2d 501, cert. denied, 254 Conn. 906, 755 A.2d 882 (2000). "The trial court possesses inherent power to set aside a jury verdict which, in the court's opinion, is against the law or the evidence." (Internal quotation marks omitted.) Id., 782. "[A] trial court may set aside a verdict on a finding that the verdict is manifestly unjust because the jury, on the basis of the evidence presented, mistakenly applied a legal principle or because there is no evidence to which the legal principles of the case can be applied." (Internal quotation marks omitted.) *Sargis* v. *Donahue*, 142 Conn. App. 505, 511, 65 A.3d 20, cert. denied, 309 Conn. 914, 70 A.3d 38 (2013). Under the general verdict rule, the jury is presumed to have found all issues in favor of the defendants. *Gajewski* v. *Pavelo*, 229 Conn. 829, 835, 643 A.2d 1276 (1994). "[The trial court] should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption or partiality." (Internal quotation marks omitted.) *Rejouis* v. *Greenwich Taxi, Inc.*, supra, 782. "Ultimately, [t]he decision to set aside a verdict entails the exercise of a broad legal discretion . . . ." (Internal

quotation marks omitted.) *Jackson* v. *Water Pollution Control Authority*, 278 Conn. 692, 702, 900 A.2d 498 (2006).

## B

### Analysis

The plaintiff argues that the verdict should be set aside for the following reasons. First, the defendant should not have been allowed to ask questions regarding the defendant's prior safety experiences with laundry folding tables because of evidentiary rulings, such as *Zheutlin* v. *Sperry & Hutchinson Co.*, 149 Conn. 364, 179 A.2d 829 (1962). Second, the court should not have permitted evidence relating to the plaintiff's prior work history because it was irrelevant, highly prejudicial, and should not have been admitted as evidence. Third, the court improperly asked the plaintiff's counsel whether he claimed his question in response to an objection because it drew unnecessary attention to the plaintiff's objection and created an unfair presumption that the defendant's objections were more meritorious than the plaintiff's objections. Fourth, the verdict was against the weight of the evidence, shocked the sense of justice, or was based in partiality, prejudice, mistake, or corruption. Hence, the plaintiff argues the jury's verdict be set aside and the court should order a new trial.

In the present case, following its review of the record, the court finds that the evidence concerning the defendant's prior safety experiences with laundry folding tables and the plaintiff's prior work history were relevant to material issues in the case; in this instance, liability and damages. "Relevant evidence is evidence that has a logical tendency to aid the trier of fact in the determination of an issue." *Hall* v. *Burns*, 213 Conn. 446, 473, 569 A.2d 10 (1990). Such evidence, therefore, was properly admitted. The third basis for the plaintiff's motion lacks merit and doesn't warrant further discussion. Finally, the jury's general verdict was supported by the evidence and the reasonable inference that could be drawn from it.

A jury's verdict should not be set aside and a new trial ordered unless it is apparent that "injustice either was, or might have been, done [at] trial." *Brown* v. *Keach*, 24 Conn. 72, 76 (1855). The verdict's "manifest injustice [must be] so plain as to clearly indicate that the jury has disregarded the rules of law applicable to the case, or were influenced by prejudice, corruption, or partiality in reaching a decision." (Internal quotation marks omitted.) *Robinson* v. *Backes*, 91 Conn. 457, 459, 99 A. 1057 (1917). The record does not support a finding that the jurors were influenced by prejudice, corruption, or partiality in this case.

## III

### CONCLUSION

For the reasons stated, the plaintiff's motion to set aside the verdict and order a new trial is denied.

* Affirmed. *Melendez* v. *Spin Cycle Laundromat, LLC,* 188 Conn. App. , A.3d (2019).