******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ZAIDA MELENDEZ *v.* SPIN CYCLE
LAUNDROMAT, LLC
(AC 41410)

Lavine, Moll and Beach, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant for negligence
in connection with an incident in which she suffered a broken toe when
a table on which she was folding clothes in the defendant's laundromat
collapsed on her foot. The jury returned a verdict for the defendant.
The plaintiff thereafter filed a motion to set aside the verdict, claiming,
inter alia, that the trial court improperly allowed the defendant to present
evidence of the condition of the table prior to the incident, and to
question her regarding her disability and prior work history. The trial
court denied the motion to set aside the verdict, determining that the
evidence regarding the defendant's prior safety experience with laundry
folding tables and the plaintiff's prior work history were relevant to
issues of liability and damages, respectively, and were thus properly
admitted into evidence. The trial court thereafter rendered judgment
for the defendant, from which the plaintiff appealed to this court. *Held*
that the trial court properly denied the plaintiff's motion to set aside
the verdict and rendered judgment for the defendant; the claims raised
by the plaintiff in this court essentially having been the same as those she
raised before the trial court, which thoroughly addressed the arguments
raised in this appeal, this court adopted the trial court's well reasoned
memorandum of decision as a proper statement of the facts and applica-
ble law on the issues.

Argued January 30—officially released March 26, 2019

*Procedural History*

Action to recover damages for the defendant's alleged
negligence, and for other relief, brought to the Superior
Court in the judicial district of New Britain and tried
to the jury before *Wiese, J.*; verdict for the defendant;
thereafter, the court denied the plaintiff's motion to set
aside the verdict and for a new trial, and rendered
judgment in accordance with the verdict, from which
the plaintiff appealed to this court. *Affirmed*.

*Kevin C. Ferry*, with whom was *Monique S. Foley*,
for the appellant (plaintiff).

*Andrew B. Ranks*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Zaida Melendez, appeals from the judgment of the trial court denying her motion to set aside the jury verdict rendered in favor of the defendant, Spin Cycle Laundromat, LLC. On appeal, the plaintiff claims that the trial court erred in (1) allowing the defendant to present evidence of the condition of the laundry folding table prior to its collapse, (2) allowing the defendant to question the plaintiff regarding her disability, and (3) denying the motion to set aside the verdict. We affirm the judgment of the trial court.

The following facts, which the jury reasonably could have found, and procedural history underlie the appeal to this court. The defendant is a company that maintains a laundromat business in New Britain. On October 27, 2014, the plaintiff visited the defendant's business with her husband in order to do laundry. At approximately 9 p.m., while the plaintiff was folding clothes on a table in the defendant's laundromat, the table suddenly collapsed on the plaintiff's right foot. As a result, the plaintiff sustained a fracture to her right big toe. The plaintiff commenced an action against the defendant alleging that the collapse of the table and her injuries were a direct result of the defendant's negligence. The defendant denied the allegations and brought special defenses alleging negligence on the part of the plaintiff. The parties stipulated, among other things, that "the defendant [did] not blame the plaintiff in any way for her injuries." At trial, the jury returned a general verdict in favor of the defendant on November 30, 2017. On December 8, 2017, the plaintiff filed a motion to set aside the verdict. On February 26, 2018, the trial court denied the plaintiff's motion, and she appealed.

The claims the plaintiff makes in this court are essentially the same claims she raised in the trial court in her motion to set aside the verdict. The plaintiff first raises two evidentiary claims: (1) the trial court erred in allowing the defendant to present evidence of the condition of the table prior to the incident; and (2) the trial court improperly allowed the defendant to question the plaintiff regarding her disability and prior work history. The trial court rejected these claims, concluding that evidence regarding the defendant's prior safety experience with laundry folding tables and the plaintiff's prior work history were relevant to issues of liability and damages, respectively, and were thus properly admitted into evidence. The trial court additionally rejected the plaintiff's claim that the verdict was against the weight of the evidence, shocked the sense of justice, or was based on partiality, prejudice, mistake, or corruption because it found no support in the record for such a claim. We have examined the record on appeal, the briefs and arguments of the parties, and conclude that the judgment of the trial court should be affirmed.

Because the trial court's memorandum of decision as to the plaintiff's motion to set aside the verdict thoroughly addresses the arguments raised in this appeal, we adopt that court's well reasoned decision as a proper statement of the applicable facts and law on the issues. *Melendez* v. *Spin Cycle Laundromat, LLC*, Superior Court, judicial district of New Britain, Docket No. CV-15-6031260-S (February 26, 2018) (reprinted at 188 Conn. App.   ,    A.3d    ). It would serve no useful purpose for this court to engage in any further discussion. See, e.g., *D'Attilo* v. *Statewide Grievance Committee*, 329 Conn. 624, 632, 188 A.3d 727 (2018); *Fisk* v. *BL Cos.*, 185 Conn. App. 671, 673, 198 A.3d 160 (2018); *Smith* v. *BL Cos.*, 185 Conn. App. 656, 659, 198 A.3d 150 (2018).

The judgment is affirmed.

―――――――――――――